

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00141-CV

———————————————

IN THE INTEREST OF A.J., A.T., J.T., AND J.J., CHILDREN

---

On Appeal from the 322nd District Court
Tarrant County, Texas
Trial Court No. 322-644937-18

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Appellant is J.J.'s father.[1] The Department of Family and Protective Services (DFPS) removed J.J. and his three half-siblings from Mother and placed them with their maternal grandmother while seeking family reunification and, alternatively, termination of parental rights. At the trial's conclusion, the trial court made the grandmother the children's permanent managing conservator and made Father a possessory conservator.

Father's brief is not a model of clarity. But to the extent we can identify his issues, we do not reach his argument that "the grounds for termination were not proven" because the trial court did not actually terminate Father's parental rights.[2] And we overrule Father's due-process complaints because he did not preserve them.[3] *See* Tex. R. App. P. 33.1 (setting out preservation-of-error requirements); Tex. R. Civ.

---

[1]We use aliases to refer to the child and his family members. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2]Father argues that the evidence was legally and factually insufficient to terminate his parental rights, but his rights were not terminated. We encourage greater attention to the record in the future. Further, as DFPS notes, Father's brief does not address the trial court's conservatorship order, and—in any event—the record before us does not reflect an abuse of discretion. *See In re J.M.*, No. 02-17-00156-CV, 2017 WL 4542674, at *1, *5 (Tex. App.—Fort Worth Oct. 12, 2017, no pet.) (mem. op.).

[3]Father complains that his due-process rights were violated because he did not receive any services from DFPS, but he did not raise or receive a ruling on this issue at trial. He also complains that he was not contacted by his counsel before trial, but he does not explain how he was harmed by any lack of contact in light of the record and the trial's outcome. *Cf.* Tex. R. App. P. 38.1, 44.1.

P. 251 (setting out continuance requirements); *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex.

2003); *In re J.P.-L.*, 592 S.W.3d 559, 575 (Tex. App.—Fort Worth 2019, pet. denied).

We affirm the trial court's judgment.


/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  August 26, 2022